O

# United States District Court
# Central District of California

| | |
|---|---|
| JESUS VARGAS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>LOCKHEED MARTIN CORPORATION et al.,<br><br>　　　　　　　Defendants. | Case № 2:25-cv-04288-ODW (PVCx)<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING AS MOOT MOTION TO STRIKE [21]** |

## I.　INTRODUCTION

Plaintiff Jesus Vargas claims that Defendant, the Boeing Company, unlawfully discriminated against him based on his age and failed to provide him statutorily compliant meal or rest breaks. (Second Am. Compl. ("SAC"), ECF No. 19.)  Boeing moves to dismiss Vargas's Second Amended Complaint and strike Vargas's demand for punitive damages. (Mot. Dismiss and Strike ("Motion" or "Mot."), ECF No. 21.) For the following reasons, the Court **GRANTS** Boeing's Motion to Dismiss and **DENIES AS MOOT** Boeing's Motion to Strike.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.  BACKGROUND[2]

Vargas worked for Boeing as an electronic assembler for approximately twenty-seven years. (SAC ¶¶ 5, 7.) In May 2023, Boeing terminated Vargas's employment. (*See id.*). At the time of his termination, Vargas was sixty-five years old. (*Id.* ¶ 8.)

Vargas originally brought this action against Boeing and the Lockheed Martin Corporation in Los Angeles County Superior Court. (*See generally* Notice Removal ("NOR") Ex. A ("Compl."), ECF No. 4-4.) After Boeing and Lockheed Martin timely removed this action to federal court, Vargas voluntarily dismissed Lockheed Martin, leaving Boeing as the sole defendant. (NOR, ECF No. 4; Req. Voluntary Dismissal 2, ECF No. 5.) Boeing subsequently moved to dismiss Vargas's complaint. (First Mot. Dismiss, ECF No. 11). On May 20, 2025, Vargas amended his complaint, thereby mooting Boeing's first motion. (First Am. Compl. ("FAC"), ECF No. 13; Order Den. First Mot. Dismiss, ECF No. 14.) Boeing then moved to dismiss the First Amended Complaint on substantially the same grounds as its initial motion. (Second Mot. Dismiss, ECF No. 15.)

On June 16, 2025, pursuant to the parties' stipulation, the Court granted Vargas leave to file a second amended complaint so that he could "add further allegations to support [Vargas's] claims to avoid law and motion." (Stip. Leave Am. FAC 1–2, ECF No. 17; Order Grant. Stip., ECF No. 18.) Vargas filed the operative Second Amended Complaint on the same date.

The gravamen of the Second Amended Complaint is that Boeing unlawfully discriminated against Vargas based on his age and failed to provide him statutorily compliant meal or rest breaks. (*See* SAC ¶¶ 10, 17–19.) Vargas advances seven causes of action against Boeing: (1) unlawful discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940; (2) failure to prevent discrimination in violation of the FEHA; (3) wrongful termination in violation

---

[2] All factual references derive from Vargas's Second Amended Complaint unless otherwise noted. Vargas's well-pleaded factual allegations are accepted as true for purposes of resolving Boeing's Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1  of public policy; (4) failure to pay meal and rest break compensation in violation of
2  California Labor Code sections 226.7 and 512; (5) failure to pay timely earned wages
3  upon termination in violation of California Labor Code sections 201 and 203; (6) failure
4  to provide accurate wage statements in violation of California Labor Code section 226;
5  and (7) unfair competition in violation of California Business and Professions Code
6  section 17200 ("UCL").  (SAC ¶¶ 22–47, 70–73.)[3]

7  Boeing now moves to dismiss Vargas's Second Amended Complaint pursuant to
8  Federal Rule of Civil Procedure ("Rule") 12(b)(6) and to strike Vargas's punitive
9  damages demand under Rule 12(f).  (Mot. 11–17.)  The Motion is fully briefed.  (*See*
10 Opp'n, ECF No. 22; Reply, ECF No. 23.)

### III.   MOTION TO DISMISS

Boeing moves to dismiss each of Vargas's causes of action for failure to state a claim under Rule 12(b)(6).  (Mot. 11–17.)  Vargas largely resists Boeing's Motion by reproducing the allegations in the Second Amended Complaint verbatim.  (Opp'n 5–8.)  As the Court finds that the allegations in the Second Amended Complaint fail to state a claim for relief, the Court dismisses the Second Amended Complaint in its entirety.

**A.   Legal Standard**

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual allegations in the complaint, however, "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*

---

[3] The final paragraph in Vargas's sixth cause of action is numbered paragraph 47, but his seventh cause of action begins at paragraph 70 and concludes with a paragraph labeled both 48 and 73.  (*See* SAC at 8–9.)  Despite these inconsistencies, and to avoid ambiguity, the Court will rely on the paragraph numbers as they appear in the Second Amended Complaint and refer to the final paragraph of the seventh cause of action as paragraph 73.

*v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court generally is limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**B.     Discussion**

Boeing asks the Court to dismiss each of Vargas's causes of action on the grounds that Vargas fails to allege facts sufficient to support his claims. (Mot. 7–11.) Vargas responds that his allegations are sufficient and the Court should "not even hear" the Motion because Boeing did not comply with the Court's Local Rules. (Opp'n 3.)

*1.     Local Rules 7-3 and 11-6.2*

As a preliminary matter, Vargas asserts that the Court should deny Boeing's Motion because Boeing did not strictly comply with Local Rule 7-3 (meet-and-confer requirements) and Local Rule 11-6.2 (word count compliance requirements). (Opp'n 2–3.) The Court declines to disregard the Motion based on Boeing's perceived noncompliance with these local rules.

Before Boeing filed any of its three motions to dismiss, the parties convened by telephone to discuss Boeing's challenges to the sufficiency of Vargas's initial pleading allegations. (Decl. Margaret C. Casteneda ISO First Mot. Dismiss, Ex. B, ECF No. 11-1 (summarizing telephonic conference between counsel).) Thereafter, the parties conferred again via detailed email exchanges that addressed Boeing's concerns regarding the sufficiency of Vargas's first and second amended complaints. (*See* Decl.

Margaret C. Casteneda ISO Second Mot. Dismiss, Ex. C, ECF No. 15-1; Decl. Margaret C. Casteneda ISO Mot., Ex. D, ECF No. 21-1; Suppl. Decl. Margaret C. Casteneda ISO Reply, Exs. E–F, ECF No. 23-1.)  Vargas does not dispute the veracity of Boeing's counsel's assertions or the authenticity of her submitted exhibits.  (*See generally* Opp'n 2–3.)  Based on this record and the substance of Boeing's Motion, the Court finds that the parties understood their respective positions, another formal meeting would have served little function, and Boeing fulfilled the purposes of Local Rule 7-3.

Next, Vargas's assertion with respect to Boeing's purported noncompliance with Local Rule 11-6.2 is meritless because Boeing includes an appropriate certificate of compliance on the final page of its Motion.  (*See* Mot. 19.)

Accordingly, the Court overrules Vargas's procedural objections.

*2.    Age Discrimination and Derivative Claims (Counts I, II, and III)*

Vargas claims that Boeing discriminated against him based on his age in violation of the FEHA.  (SAC ¶¶ 8–14, 22–25.)  He further alleges that Boeing failed to prevent such discrimination and wrongfully terminated him based on his age in violation of public policy.  (*Id.* ¶¶ 15–16, 26–33.)  Boeing argues the Court should dismiss Vargas's age discrimination and derivative claims because his allegations are vague, conclusory, and fail to plausibly establish that Boeing terminated Vargas because of his age.  (Mot. 13–14, 16–17.)

The FEHA prohibits employers from terminating any employee over forty years old based on the employee's age.  Cal. Gov't Code §§ 12926(b), 12940(a).  To state a claim for discrimination under the FEHA, a plaintiff must allege that "(1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, . . . and (4) some other circumstance suggests discriminatory motive."  *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355 (2000); *accord Cattoche v. United Airlines, Inc.*, No. 22-16400, 2023 WL 6803540, at *2 (9th Cir. Oct. 16, 2023).

Here, neither party disputes that the allegations in Vargas's Second Amended Complaint satisfy the first and third elements of a FEHA discrimination claim: Vargas was sixty-five years old when Boeing terminated him and was thus a member of a protected class who suffered an adverse employment action. (SAC ¶¶ 8, 13.) Vargas's remaining allegations, however, fall short of the plausibility mark on the second and fourth elements of his claim.

With respect to the second element, the Second Amended Complaint is devoid of allegations suggesting that Vargas performed his job competently at the time he was terminated. Vargas alleges that he "was at all times qualified and able to perform the essential functions of his job and able to perform all of his job duties as provided by [Boeing] satisfactorily." (*Id.* ¶ 9.) But standard that applies in this case is whether Vargas "was *performing competently in the position he held*"—not whether he "was qualified for the position he sought." *Guz*, 24 Cal. 4th at 355 (emphasis added). Although Vargas's qualification yardstick would thus fit logically in a failure-to-hire or a failure-to-promote case, in a termination case like this one, competence is the touchstone. And Vargas provides no basis in the Second Amended Complaint to suggest that he was performing his duties competently at the time Boeing terminated him. As Vargas fails to offer factual allegations supporting the second element, he fails to state a FEHA claim.

The Second Amended Complaint likewise lacks sufficient factual allegations to support the fourth element, that Boeing terminated Vargas under circumstances suggesting discriminatory motive. Vargas alleges on information and belief that: Boeing terminated him based on his age "because there was no other basis on which he should have been terminated"; Boeing has "a pattern and practice of terminating older employees and hiring younger ones"; and Boeing allegedly replaced Vargas with "a younger employee." (SAC ¶¶ 10–12.) However, these allegations are merely conclusory. Vargas offers no factual allegations that explain what led him to believe, or would permit the Court to infer, that Boeing terminated Vargas based on his age.

Nor does Vargas allege facts suggesting that his replacement was "substantially younger" than him and had "equal or inferior qualifications." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1997) (quoting *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 891 (9th Cir. 1994)). Without factual allegations to this effect accompanying Vargas's belief that Boeing replaced him with "a younger employee," (SAC ¶ 11), the Court has "no basis to suspect a motive of prohibited bias" on Boeing's part, *Guz*, 24 Cal. 4th at 366; *see also O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996) ("In the age-discrimination context, . . . an inference [of discrimination] cannot be drawn from the replacement of one worker with another worker insignificantly younger."). As Vargas fails to sufficiently allege the discriminatory-motive element, his FEHA claim fails.

In sum, Vargas's FEHA claim is legally inadequate because he does not plausibly establish that he performed his job competently at the time of his termination or that Boeing's decision to terminate him was motivated by improper bias. As Vargas's FEHA claim fails, his derivative claims for failure to prevent discrimination and wrongful termination must also fail. *Trujillo v. N. Cnty. Transit Dist.*, 63 Cal. App. 4th 280, 288–89 (1998) (explaining that a plaintiff's failure to succeed on his discrimination claim dooms his failure-to-prevent-discrimination claim); *Nielsen v. Trofholz Techs., Inc.*, 470 F. App'x 647, 649 (9th Cir. 2012) (holding that dismissal of a plaintiff's FEHA discrimination claim "is fatal" to a claim for wrongful termination in violation of public policy when the public policy the plaintiff relies on is the FEHA). Accordingly, the Court **GRANTS** Boeing's Motion and **DISMISSES** Vargas's first, second, and third causes of action.

    *3.    Wage-and-Hour and Derivative Claims (Counts IV, V, VI, and VII)*

Vargas next claims that Boeing violated the California Labor Code by denying him statutorily compliant meal and rest breaks and failing to compensate him for those missed breaks. (SAC ¶ 17.) Based on these alleged violations, Vargas further claims that Boeing failed to timely pay his wages upon his termination, did not provide him

accurate wage statements, and engaged in unfair competition under California's UCL. (*Id.* ¶¶ 20, 71–72.) Boeing argues the Court should dismiss Vargas's meal-and-rest-break and derivative claims because his allegations fall short of the specificity required to state a cognizable wage-and-hour violation. (Mot. 14–17.)

(i) <u>Meal-and-Rest-Break Claim</u>

California law requires employers to provide nonexempt employees a thirty-minute meal period for every five hours of work and a rest period as provided by the applicable Industrial Welfare Commission wage order. *See* Cal. Lab. Code §§ 226.7, 512. For a meal break to comply with California law, "an employer must relieve the employee of all duty for the designated period, but need not ensure that the employee does no work." *Brinker v. Rest. Corp. v. Superior Ct.*, 53 Cal. 4th 1004, 1034 (2012). Thus, a meal break violation does not occur unless the employer "impede[s] or discourage[s]" employees from taking breaks. *Id.* at 1040. During rest periods, "employees must not only be relieved of work duties, but also be freed from employer control over how they spend their time." *Augustus v. ABM Servs., Inc.*, 2 Cal. 5th 257, 270 (2016), *as modified on denial of reh'g* (Mar. 15, 2017).

To state a claim for a meal or rest break violation, a plaintiff must allege facts specifically identifying an instance in which they were deprived of a meal or rest break. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), *as amended* (Jan. 26, 2015); *Shann v. Durham Sch. Servs., LP*, 182 F. Supp. 3d 1044, 1048 (C.D. Cal. 2016) (explaining that "[t]he pleading standards set forth in *Landers* apply equally to Plaintiffs' state . . . meal period[] and rest break allegations"). A wage-and-hour claim devoid of the requisite factual specificity is insufficient under Rule 8 and susceptible to dismissal under Rule 12(b)(6). *See Boyack v. Regis Corp.*, 812 F. App'x 428, 431 (9th Cir. 2020) (affirming dismissal of rest-break claim because plaintiffs did not "demonstrat[e] at least one workweek in which [they] were personally deprived of rest breaks").

Here, Vargas's meal-and-rest-break allegations fall short of the pleading requirements in *Landers*. Vargas does not allege a single workweek in which Boeing deprived him of a meal or rest break or otherwise impeded or discouraged him from taking such breaks. (*See generally* SAC ¶¶ 17–19, 34–37.) Instead, Vargas restates the statutory elements for his claims and conclusively asserts that Boeing violated the applicable provisions of the California Labor Code. (*See id.*) However, statutory recitals and conclusory assertions are insufficient to establish facial plausibility. *Iqbal*, 556 U.S. at 678. Under *Landers*, Vargas fails to state a claim for relief. *See Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1033 (C.D. Cal. 2017) (dismissing meal-and-rest-period claims because plaintiff failed to plead a specific instance in which defendant deprived him of meal or rest breaks).

Accordingly, the Court **GRANTS** Boeing's Motion and **DISMISSES** Vargas's fourth cause of action.

    (ii)  <u>Final Wages and Wage Statement Claims</u>

Boeing argues that Vargas's fifth and sixth causes of action, for failure to timely pay wages upon termination and failure to provide accurate wage statements, are derivative of his meal-and-rest-break claim and must fail for the same reasons. (Mot. 16–17.) Vargas does not respond to this argument. (*See generally* Opp'n 6–8.) Vargas's failure to oppose Boeing's Motion on this point is a concession that Boeing's argument is valid. *Kerrigan v. Allstate Ins. Co.*, 543 F. Supp. 3d 843, 845–46 (C.D. Cal. 2021) (finding plaintiff's failure to oppose argument operated as a concession). The Court therefore finds that Vargas's fifth and sixth causes of action are derivative of, and fail with, his meal-and-rest-break claim. *See id.*; *Garcia v. Williams Scotsman, Inc.*, No. 2:24-cv-02977-PSG (MRWx), 2024 WL 3811267, at *7–8 (C.D. Cal. Aug. 13, 2024) (dismissing final wages and inaccurate wage statements claims as derivative of failed wage-and-hour claims).

In addition, Vargas's wage-statement claim also fails because Vargas does not identify a single specific instance, out of the generally alleged "numerous occasions,"

9

where Boeing failed to provide him an accurate wage statement. (SAC ¶ 46); *see Ritenour*, 228 F. Supp. 3d at 1033 (dismissing wage-statement claim under *Landers* because plaintiff "fail[ed] to describe a single instance" in which defendant did not provide accurate wage statements). Moreover, Vargas does not generally plead any facts that establish Boeing knowingly and intentionally failed to provide him accurate wage statements. *See* Cal. Lab. Code § 226(e)(1) (providing that an employer's "knowing and intentional failure" to provide accurate wage statements entitles an aggrieved employee to penalties). Vargas's boilerplate recitals of statutory text and conclusory assertions are insufficient to state a wage-statement claim.

Accordingly, the Court **GRANTS** Boeing's Motion and **DISMISSES** Vargas's fifth and sixth causes of action.

    (iii)    <u>Unfair Competition Claim</u>

Lastly, Vargas claims that Boeing engaged in unlawful business practices in violation of the UCL by denying him compliant meal and rest breaks, neglecting to timely pay his final wages, and failing to provide him accurate wage statements. (SAC ¶ 71; *see id.* ¶¶ 72–73.) Boeing argues that the Court should dismiss Vargas's seventh cause of action as derivative of his underlying wage-and-hour claims. (Mot. 16–17.)

The UCL prohibits "unlawful, unfair[,] or fraudulent business act[s] or practice[s]." Cal. Bus. & Prof. Code § 17200. As "[e]ach of these three adjectives captures a separate and distinct theory of liability," *Rubio v. Cap. One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010) (internal quotation marks omitted), a business practice can violate one prong or all three, *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007). A UCL claim brought under the unlawful prong "borrows violations of other laws and treats" them as unlawful business practices that are "independently actionable under section 17200." *Farmers Ins. Exch. v. Superior Ct.*, 2 Cal. 4th 377, 383 (1992). Accordingly, to state a UCL claim under the unlawful prong, a plaintiff must plead a violation of another statute or common law. Moreover, because the UCL provides for only equitable remedies, *Nationwide Biweekly Admin., Inc. v. Superior Ct.*,

9 Cal. 5th 279, 292 (2020), a plaintiff must also establish that there is "no adequate remedy at law available," *Philips v. Ford Motor Co.*, No. 14-cv-02989-LHK, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015) (citing *Knox v. Phoenix Leasing, Inc.*, 29 Cal. App. 4th 1357, 1368 (1994)).

The Court agrees with Boeing that Vargas's UCL claim is wholly derivative of his wage-and-hour claims. As Vargas's wage-and-hour claims fail, so too does his UCL claim. *See Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (2001).

Even if any of Vargas's underlying wage-and-hour claims were viable, however, Vargas's UCL claim would nonetheless fail for several independent reasons. First, Vargas does not allege—much less establish—that he lacks an adequate remedy at law. Absent allegations of inadequacy, Vargas's UCL claim fails. Second, the restitution Vargas seeks under his UCL claim is the same as the damages he seeks under his wage-and-hour claims. (*See* SAC ¶ 72.) However, as noted, Vargas does not demonstrate that his legal remedies are inadequate, meaning the equitable remedy he seeks under his UCL claim is unavailable to him.

Third, Vargas does not establish that he has standing to seek injunctive relief to prospectively force Boeing's compliance with the California Labor Code. The Ninth Circuit has held that a "former employee has no claim for injunctive relief addressing the employment practices of a former employer absent a reasonably certain basis for concluding he or she has some personal need for prospective relief." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017); *see also, e.g.*, *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1048 (9th Cir. 2014) ("Because none of the *Slayman* class's named plaintiffs worked for FedEx at the time the complaint was filed, the *Slayman* class lacked Article III standing to seek prospective relief."). In this case, Vargas no longer worked for Boeing when he filed the action and he provides no reason to suggest he will have an employment relationship with Boeing in the future. Nor does Vargas demonstrate any personal need for prospective injunctive relief against Boeing. Vargas therefore lacks standing to seek injunctive relief under the UCL.

Accordingly, the Court **GRANTS** Boeing's Motion and **DISMISSES** Vargas's seventh cause of action.

## C. Leave to Amend

Vargas requests leave to amend if the Court finds that his claims are insufficiently pleaded. (Opp'n 9–10.) Boeing argues that the Court should deny Vargas's request because he "has had three opportunities to address the [pleading] deficiencies" raised in Boeing's Motion, and "[e]ach attempt has been marred with the same exact issues." (Reply 3.)

Ordinarily, leave to amend should be freely granted unless it is clear the complaint could not be saved by amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Futility of amendment, or the plaintiff's apparent inability to allege "other facts consistent with the challenged pleading" that could rectify the pleading's deficiencies, is thus an adequate reason to deny leave to amend. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Leave to amend may also be denied because of a plaintiff's repeated failure to cure deficiencies by amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *William O. Gilley Enters., Inc. v. Atl. Ritchfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009) (finding that plaintiff's repeated failure to present new facts to state a claim suggested that it would be futile to offer him another opportunity to do so). Where a plaintiff has previously amended their complaint, a district court's discretion to deny leave to amend is "particularly broad." *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

The Court is not persuaded that granting Vargas leave to file a third amended complaint would be fruitful. Vargas has had ample opportunity to amend his complaint to add factual allegations that would bring his complaint into compliance with Rule 8 but failed to do so. Vargas amended his complaint twice—once as a matter of right, and once with the Court's leave. (*See generally* FAC; Order Grant. Stip.; SAC.) The

sole impetus behind Vargas's election to twice amend his complaint was "to avoid law and motion" over the sufficiency of his allegations. (Stip. Leave Am. FAC 1–2; Opp'n 9 (reiterating that Vargas agreed to amend both times "solely to avoid law and motion").) Vargas's amendments followed comprehensive exchanges between counsel concerning, and three motions to dismiss challenging, the same insufficiencies addressed above. *See supra* Sections III.B.2–3. Despite these repeated opportunities to provide adequate allegations, Vargas persists in failing to do so.

Moreover, Vargas fails to propose any specific factual allegations that could remedy the flaws in the Second Amended Complaint. Vargas offers only the bald statement that he would "add allegations of other facts consistent with the challenged Pleading." (Opp'n 10.) However, what "other facts" Vargas might allege to cure the noted deficiencies remains unclear. This lack of clarity is particularly pronounced in light of Vargas's assertion that he can only obtain the facts required to support his information-and-belief allegations through discovery. (*See* Opp'n 5–8.) But a plaintiff who fails to meet the pleading requirements of Rules 8 and 12(b)(6) is not entitled to conduct discovery in the hope that it might yield facts permitting them to state a claim. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Indeed, allowing the plaintiff to file first and investigate later would run contrary to Rule 11(b)'s edict mandating an "inquiry reasonable under the circumstances" into the evidentiary support for all factual contentions before filing a pleading. Fed. R. Civ. P. 11(b)(3); *see Twombly*, 550 U.S. at 558–59; *Iqbal*, 556 U.S. at 678–79.

In essence, Vargas implores the Court to have faith that he will be able to articulate a viable claim on his fourth attempt. However, as the Ninth Circuit has cautioned, "[a] plaintiff may not in substance say 'trust me,' and thereby gain a license for further amendment when [a] prior opportunity to amend ha[s] been given." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). The Court therefore **DENIES** Vargas's request for leave to file a third amended complaint.

## IV. MOTION TO STRIKE

Boeing moves to strike Vargas's request for punitive damages under his third cause of action for wrongful termination. (Mot. 17; *see* SAC ¶ 33.) As the Court dismisses Vargas's wrongful termination claim without leave to amend, the Court **DENIES AS MOOT** Boeing's Motion to Strike Vargas's punitive damages allegation.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Boeing's Motion to Dismiss and **DENIES AS MOOT** Boeing's Motion to Strike. (ECF No. 21.) Accordingly, the Court **DISMISSES** Vargas's Second Amended Complaint **WITHOUT LEAVE TO AMEND** and **WITH PREJUDICE**. The Court will issue judgment consistent with this order.

**IT IS SO ORDERED.**

October 20, 2025

                                              **OTIS D. WRIGHT, II**
                                    **UNITED STATES DISTRICT JUDGE**